

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/19/2021
```

July 13, 2021

**V<small>IA</small> ECF**

Hon. Analisa Torres
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Castiron Court Corp. v. Guess?, Inc.*, Case No. 21-cv-1701 (AT) (SLC)

Dear Judge Torres:

    This law firm represents Plaintiff Castiron Court Corp. in the above-referenced action. Pursuant to Rule II.C of the Court's Individual Practices in Civil Cases, we write jointly with counsel for Defendant Guess?, Inc. to request the Court's resolution of a discovery dispute. Specifically, Plaintiff respectfully requests that the Court stay depositions in this matter pending the determination of Plaintiff's motion for summary judgment (Dkt. 22-26). On July 2, 2021, Jonathan A. Lynn, Esq., on behalf of Plaintiff, and Martin C. Geagan, Esq. and Sean R. Anderson, Esq., on behalf of Defendant, met and conferred on this issue for approximately 40 minutes. Defendant opposes this request.

**A.**    **Plaintiff: The Court Should Stay Depositions**

    The action arises from a 15-year lease between Plaintiff and Defendant (the "Lease") pursuant to which Defendant leased commercial space in Plaintiff's building through May 31, 2023. Plaintiff alleges that Defendant breached and repudiated the Lease by failing to pay the rent and other amounts due for April-June 2020 and December 2020 through present, and abandoning the premises in November 2020. Defendant's affirmative defenses and counterclaims are all variations on the theme that the COVID-19 pandemic frustrated the purpose of the Lease or rendered performance impossible. Defendant's defenses will necessarily fail because in *558 Seventh Ave. Corp. v. Times Square Photo Inc.*, 2021 N.Y. App. Div. LEXIS 3366, *2 (1st Dep't May 20, 2021), the First Department of the Appellate Division recently held that the "frustration of purpose" and "impossibility of performance" doctrines are not viable defenses to non-payment of rent under commercial leases during the COVID-19 pandemic.

    On May 20, 2021, the Court granted Plaintiff leave to file a motion for summary judgment on the Complaint. Dkt. 20. On June 24, 2021, pursuant to the Court's scheduling order, Plaintiff filed its motion demonstrating the absence of any material issue of fact and detailing the abundance of governing New York law barring Defendant's defenses and supporting summary judgment in Plaintiff's favor. Dkt. 22-26.

    On June 30, 2021, Defendant served Plaintiff with a FRCP 30(b)(6) deposition notice containing many plainly overbroad, vague and irrelevant topics for examination and purporting to set a deposition date for July 15, 2021. *See* **Exhibit A**. On July 2, 2021, we asked Defendant's counsel to consent to

Hon. Analisa Torres
July 13, 2021
Page 2 of 5

stay all depositions pending the determination of Plaintiff's summary judgment motion in an attempt to conserve the parties' resources – including Plaintiff's attorneys' fees, for which Defendant is fully liable under the Lease. As noted above, Defendant refused to consent to that request.[1]

The Court should stay depositions to conserve party resources and allow Plaintiff to mitigate its damages because Plaintiff believes the clear law of New York demonstrates that the Court should grant summary judgment on the Complaint. It is well settled that courts may stay discovery where there is "good cause" to do so, including staying discovery pending the determination of a "potentially dispositive motion" where such motion appears to have "substantial grounds," or does not otherwise "appear to be without foundation in law." *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (collecting cases and noting that courts routinely stay discovery pending dispositive motions); *see also Siemens Credit Corp. v. Am. Transit Ins. Co.*, 2000 U.S. Dist. LEXIS 6014, *2 (S.D.N.Y. Apr. 29, 2000) (plaintiff showed "good cause" to stay discovery pending the determination of its summary judgment motion because the motion appeared to have "merit," particularly where the motion rested "largely on issues of law"). As set forth in detail in Plaintiff's motion and Defendant's response to Plaintiff's Rule 56.1 Statement (Dkt. 26-1), there are no genuine issues of fact requiring discovery and this action can be resolved on the law. Indeed, as noted above, the First Department of the Appellate Division squarely rejected Guess's primary defenses. *558 Seventh Ave. Corp.*, 2021 N.Y. App. Div. LEXIS 3366, *2 (doctrines of frustration of purpose and impossibility of performance do not apply to nonpayment of commercial rent during the COVID-19 pandemic). Moreover, just last week, the First Department reversed one of the primary cases that Defendant relied upon in its opposition to Plaintiff's request for leave to move for summary judgment. *See Gap, Inc. v. 170 Broadway Retail Owner*, 2021 N.Y. App. Div. LEXIS 4207, *1-3 (1st Dep't June 29, 2021) (reversing lower court decision and holding that the pandemic did not excuse the commercial tenant's breach); *compare* Dkt. 18, pp. 2-3 (citing *Gap, Inc. v. 170 Broadway Retail Owner*, 2020 WL 6435136 (Sup. Ct. N.Y. Co. Oct. 30, 2020)). The First Department not only reiterated its holding in *558 Seventh Ave. Corp.*, but further held that the pandemic was not a "casualty" that excused a tenant's payment obligations. *Gap, Inc.*, 2021 N.Y. App. Div. LEXIS 4207, at *2-3. Indeed, the First Department expressly held that a "casualty" refers to "singular incidents causing damage to the premises and does not contemplate loss of use due to a pandemic or resulting government lockdown."[2] *Id.* Notably, the First Department's *Gap, Inc.* decision cited with approval many of the cases that Plaintiff relies on in its motion for summary judgment. *Id.* at *3 (citing (i) *Gap Inc. v. Ponte Gadea*; (ii) *1140 Broadway LLC v. Bold Food, LLC*; and (iii) *Dr. Smood New York LLC v. Orchard Houston, LLC*).

Defendant's claim that it would be prejudiced by a stay of depositions is unavailing for two reasons. First, Defendant cannot explain how Plaintiff's testimony is needed to determine whether the pandemic was foreseeable in general, or why Plaintiff's purpose for entering the Lease is relevant when Defendant claims that it was Defendant's ability to use the space that was frustrated. In any case, as set forth above, the First Department has already rejected both of those defenses in this context. Second,

---

[1] To preserve its rights, on July 7, 2021, Plaintiff sent a letter to Defendant (i) advising that, in the event a stay is not granted, Plaintiff did not intend to produce a corporate witness until Defendant completed its document production (to date Defendant has produced 53 pages, 33 of which are the Lease), and (ii) detailing the impropriety of several deposition topics identified in Defendant's deposition notice.

[2] Contrary to Defendant's position below, the First Department did not base its holding on a provision purportedly prohibiting an abatement of rent. Rather, as the decision makes clear, it is based on the definition of a casualty, which the First Department held does not include "loss of use due to a pandemic or resulting government lockdown." *Id.*

even if Defendant needed discovery to oppose the motion, FRCP 56(d) allows Defendant to oppose the motion on such grounds, and thus Defendant would not be prejudiced by a stay in the interim. Nor does the fact that Plaintiff sought documents from Defendant and issued its own deposition notice render a stay inappropriate, because Plaintiff is not seeking to stay document discovery and Plaintiff served its deposition notice to protect its rights in the event the Court declines to stay depositions pending a decision on the summary judgment motion.

As such, Plaintiff has demonstrated good cause to stay depositions and preserve the resources of both parties (including Plaintiff's legal fees, which the Lease requires Defendant to reimburse) during the pendency of Plaintiff's summary judgment motion in this matter. Accordingly, Plaintiff respectfully requests that the Court grant this application.

### B. Defendant: Discovery is Needed to Respond to Plaintiff's Summary-Judgment Motion

A stay of deposition discovery would greatly prejudice Defendant in preparing its response to Plaintiff's motion for summary judgment, which is currently due on July 22, 2021. Indeed, Plaintiff's request for a stay ignores the fact that Defendant opposed Plaintiff's request for leave to file its motion for summary judgment, in part, on the grounds that it needed deposition testimony from Plaintiff. While the Court granted Plaintiff leave to file its summary-judgment motion, the Court also entered a briefing schedule that provided the parties with ample time to conduct any necessary discovery. Relying on that schedule, after Plaintiff represented that it had completed its document production, Defendant promptly noticed Plaintiff's deposition for July 15, 2021—a date that would allow it sufficient time to incorporate needed testimony into its response to Plaintiff's motion. Plaintiff's eleventh-hour attempt to stay deposition discovery is a blatant attempt to undermine these efforts.

Plaintiff's procedural gamesmanship aside, Plaintiff is also wrong that its motion can be properly resolved on the current record. *First*, courts routinely hold that the issue of foreseeability—an issue central to Defendant's defenses—is one of fact and not resolvable as a matter of law. *See*, *e.g.*, *M&M Transp. Co. v. Schuster Express, Inc.*, 13 B.R. 861, 869 (Bankr. S.D.N.Y. 1981) ("The basic test is whether the parties contracted on a basic assumption that a particular contingency would not occur . . . . An analysis of the facts is crucial for the proper application of this doctrine.") (emphasis added); *City of New York v. Local 333, Marine Div. & Int'l Longshoremen's Ass'n*, 79 A.D.2d 410, 413 (1st Dep't 1981) (denying summary-judgment motion on defense of frustration of purpose because "an appraisal of all the circumstances requires a further exploration of the facts than has been possible on this motion for summary judgment made before disclosure proceedings") (emphasis added); *see also 1877 Webster Ave. Inc.*, 2021 NY Misc. LEXIS 1968, at *7–8 (denying motion to dismiss based on conflicting arguments regarding foreseeability of pandemic and impact on lease).

Likewise, the fundamental purpose of a contract and whether it has been destroyed—also central to Defendant's defenses—are both purely factual questions that are generally not resolvable on summary judgment. *See*, *e.g.*, *Int'l. Plaza Assocs. L.P. v. Amorepacific US, Inc.*, 2020 WL 7416598 (Sup. Ct. N.Y. County Dec. 14, 2020) (rejecting landlord's summary-judgment motion and holding that commercial tenant's defenses of impossibility of performance and frustration of purpose due to COVID-19 pandemic were factual issues that warranted discovery); *DHG Mgmt. Co. v. French Partners LLC*, 2020 WL 6277077, at *1 (Sup. Ct. N.Y. County Oct. 21, 2020) (upholding commercial tenant's breach-of-contract claim against landlord based on inability to occupy premises "for several months during the COVID-19 health emergency and government mandated closures").

In light of these and other authorities, Defendant served a deposition notice on Plaintiff that seeks targeted discovery regarding: (i) the negotiation and execution of the lease agreement; (ii) Plaintiff's understanding of the purpose of, and purpose for entering into, the lease agreement; (iii) the bases for the amount of rent Plaintiff is able to demand for the property; (iv) the COVID-19 pandemic's impact on the value of the property, including the current market rent, the ability to charge rent, and any rent collected by Plaintiff after Defendant vacated; (v) the impact from the COVID-19 pandemic on the lease agreement and Defendant's store; (vi) Plaintiff's bases for its belief that the parties anticipated that Defendant might be precluded from operating its store for any reason, including as a result of the COVID-19 Pandemic, when entering into the lease agreement in 2008; and (vii) Plaintiff's efforts to mitigate its damages, among other issues.

And Plaintiff's heavy reliance on the First Department's recent decision in *Gap, Inc. v. 170 Broadway Retail Owner*, 2021 N.Y. App. Div. LEXIS 4207, *1-3 (1st Dep't June 29, 2021), is misplaced. To the extent the First Department found that the Covid-19 Pandemic did not constitute a casualty, that holding was based on a provision that expressly *prohibited* the abatement of rent. Indeed, the lease agreement there required instead that the tenant obtain business interruption insurance to cover any loss resulting from a casualty. *Id.* Here, conversely, Paragraphs 9(b) and 9(c) of the Lease plainly provides for the abatement of rent during the pendency of any casualty. *See, e.g.*, Dkt. 17-1, ¶ 10.

*Second*, courts routinely reject discovery stay requests where—as here—the movant has failed to demonstrate the requisite good cause under Federal Rule of Civil Procedure 26(c). *See e.g.*, *Morgan Art Foundation Limited v. McKenzie*, No. 18CV4438ATBCM) 2020 WL 6135113, at *3 (S.D.N.Y., Oct. 18, 2020) (denying discovery stay motion and holding that discovery stays are inappropriate even where pending dispositive motion "appears to have substantial grounds"); *Computer Associates Intern., Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 69 (E.D.N.Y. 2007) (denying discovery stay request pending determination of summary-judgment motion).

Here, Defendant requires the above targeted discovery specifically to oppose Plaintiff's summary judgment motion. Furthermore, imposing a discovery stay would substantially prejudice Defendant because it would prevent the Court from appropriately considering the merits of Defendant's defenses and counterclaims. And the stay is particularly inappropriate here because Defendant is seeking *a single deposition* of Plaintiff—hardly an undue burden on Plaintiff. *See, e.g.*, *Computer Associates Intern., Inc.*, 247 F.R.D. at 69 (denying discovery stay where requested discovery imposed limited burden on plaintiff and where granting stay motion would substantially prejudice defendant).

*Third*, Plaintiff's argument that providing deposition testimony will somehow preclude it from mitigating its own damages is baseless. Rather, under the Lease, if Plaintiff prevails in this litigation, it can seek to recover its reasonable attorneys' fees and expenses.

*Fourth*, Plaintiff's discovery positions have been internally inconsistent. Faced with a corporate deposition notice, it now claims that no discovery is necessary to resolve its claims. But to date, the parties have engaged in three detailed telephonic meet and confers regarding *Plaintiff's* document requests, and Plaintiff has repeatedly pressed for document discovery from Defendant. As a result, Defendant is currently in the process of substantially completing its production in response to Plaintiff's requests. In contrast, Plaintiff has specifically represented that it has already *completed* its document production, thereby rendering Plaintiff's deposition testimony at this stage entirely appropriate. And it would be manifestly unfair to prevent Defendant from deposing Plaintiff regarding the documents that

Plaintiff has readily produced in this litigation. Moreover, on July 9, 2021, Plaintiff served on Defendant its own broad-ranging Rule 30(b)(6) corporate deposition notice—spanning 28 separate topics—purportedly to preserve its discovery rights. In short, Plaintiff has insisted on discovery when it suits them, and now seeks a stay of discovery when it does not. This Court should not countenance Plaintiff's "moving-target" discovery positions.

Accordingly, Defendant respectfully requests that the Court deny Plaintiff's request for a stay, which will permit Defendant to obtain the discovery it requires. And Defendant respectfully requests that in the event the Court denies Plaintiff's stay motion, and Plaintiff fails to make its corporate witness available on or before July 15, 2021, the Court extend Defendant's deadline to respond to Plaintiff's summary-judgment motion until 14 days after the deposition takes place.

\* \* \*

We thank the Court for its time and attention to this matter, and are available to discuss this matter further at the Court's convenience.

Respectfully submitted,

*/s/ Jonathan A. Lynn*

Jonathan A. Lynn

cc: Defendant's Counsel (*via* ECF)

Plaintiff's motion to stay depositions pending resolution of the motion for summary judgment is DENIED. By **July 22, 2021**, the parties shall submit a jointly proposed amended briefing schedule for the opposition and reply papers to the motion for summary judgment, in light of this order.

SO ORDERED.

Dated: July 19, 2021
    New York, New York

ANALISA TORRES
United States District Judge